1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSE A. FELKER, an individual,<br><br>                Plaintiff,<br><br>   vs.<br><br>CYCLE GEAR, INC., a California corporation,<br><br>               Defendant. | CASE NO. 2:17-CV-1129<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DISTRIBUTION OF FALSE COPYRIGHT MANAGEMENT INFORMATION**<br><br>**JURY DEMAND** |

**Parties, Venue, and Jurisdiction**

1.     Plaintiff Jesse A. Felker is an individual residing within the Western District of Washington.

2.     Defendant Cycle Gear, Inc. ("Cycle Gear") is a California corporation headquartered in Benicia, California.

3.     Cycle Gear operates four retail store locations located within the Western District of Washington and otherwise regularly conducts business within the Western District of Washington.

COMPLAINT -1
Case No. 2:17-cv-1129

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332

4.      Cycle Gear has engaged in the wrongful acts set forth in this Complaint knowing that Plaintiff was a Washington resident and that such wrongful acts would harm Plaintiff in Washington.

5.      A substantial part of the events or omissions giving rise to the claims set forth herein occurred in the Western District of Washington, and a substantial part of the property that is the subject of the actions set forth herein is situated within the Western District of Washington.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7.      Venue is proper in this Court under 28 U.S.C. § 1391.

8.      This Court has general and specific personal jurisdiction over Cycle Gear.

**Plaintiff's Photography and Copyright**

9.      Plaintiff is a motorcycle enthusiast and photographer.

10.     Plaintiff has provided commercial photography services for multiple companies operating in the motorcycle industry.

11.     Plaintiff has also licensed his photographs for commercial use to multiple companies operating in the motorcycle industry.

12.     On or about March 12, 2017, Plaintiff authored a photograph entitled "Tim Sunset Seattle" in Seattle, Washington, a copy of which is attached hereto as Exhibit A ("Plaintiff's Photograph").

13.     In authoring Plaintiff's Photograph, Plaintiff used his personal creativity and judgment to determine the model positioning, camera angle, photograph cropping, lens aperture settings, shutter time value settings, and multiple other considerations that affected the ultimate appearance and aesthetic value of Plaintiff's Photograph.

COMPLAINT -2-

14.     Plaintiff's Photograph portrays a model in motorcycle gear wearing a SENA brand headset, which is sold by Sena Technologies, Inc. ("Sena").

15.     On or about March 21, 2017, Plaintiff distributed a copy of Plaintiff's Photograph to Sena for purposes of further distribution and display by Sena.

16.     On or about March 22, 2017, Sena published Plaintiff's Photograph on its Facebook page, and publicly credited Plaintiff for the photograph.

17.     Plaintiff did not authorize Sena or any other party to grant sublicenses to use Plaintiff's Photograph in any manner.

18.     On or about June 1, 2017, Plaintiff's counsel submitted to the United States Copyright Office a complete application to register Plaintiff's copyright in Plaintiff's Photograph, along with payment of the application fee charged by the Copyright Office, and received confirmation of receipt from the Copyright Office.

19.     The United States Copyright Office issued Certificate of Registration No. VAu-1-280-191 for "Tim Sunset Seattle," a copy of which is attached hereto as Exhibit B.

**Cycle Gear's Business and Unauthorized Use of Plaintiff's Photograph**

20.     Cycle Gear operates a retail business selling motorcycle accessories and equipment.

21.     Cycle Gear operates the CycleGear.com website.

22.     The CycleGear.com website states that Cycle Gear operates 100+ stores in 30 states.

23.     Cycle Gear also operates an online retail store service through the CycleGear.com website, which allows customers to purchase items directly through the CycleGear.com website.

24.     On or about April 5, 2017, Cycle Gear created a commercial work promoting its

COMPLAINT -3-

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332

retail business, an electronic printout of which is attached as Exhibit C (the "Infringing Work").

25.     The Infringing Work prominently features a modified version of Plaintiff's Photograph.

26.     The Infringing Work offers multiple motorcycle accessories for sale and provides customers the opportunity to "Buy Now" by clicking on online links.

27.     The Infringing Work includes a copyright notice stating "© Copyright 2017 Cycle Gear, Inc."

28.     On or about April 5, 2017, Cycle Gear began displaying the Infringing Work on a page of the CycleGear.com website.

29.     On or about April 5, 2017, Cycle Gear began distributing the Infringing Work by email to multiple customers and potential customers on Cycle Gear's email list.

30.     On information and belief, Cycle Gear distributed the Infringing Work by email to multiple thousands of Cycle Gear customers and potential customers.

31.     On information and belief, Cycle Gear distributed the Infringing Work by email to multiple Cycle Gear customers and potential customers residing within the Western District of Washington.

32.      On information and belief, multiple thousands of Cycle Gear customers viewed the Infringing Work on computers, tablets, phones, or other electronic devices.

33.     On information and belief, multiple thousands of Cycle Gear customers residing within the Western District of Washington viewed the Infringing Work on computers, tablets, phones, or other electronic devices.

34.     On information and belief, multiple customers clicked on the links in the Infringing

COMPLAINT -4-

Work and subsequently purchased products from Cycle Gear.

35.     On information and belief, multiple customers residing within the Western District of Washington clicked on the links in the Infringing Work and subsequently purchased products from Cycle Gear.

36.      Cycle Gear did not seek or obtain permission from Plaintiff to use Plaintiff's Photograph in the Infringing Work prior to creation of the Infringing Work.

37.     Plaintiff never authorized Cycle Gear to reproduce Plaintiff's Photograph, to prepare derivative works based on Plaintiff's Photograph, to distribute copies of Plaintiff's Photograph, to display Plaintiff's Photograph, or to otherwise use Plaintiff's Photograph, in whole or in part.

38.     On or about April 5, 2017, Plaintiff informed Cycle Gear that he is the author of Plaintiff's Photograph, informed Cycle Gear that he had not authorized Cycle Gear's use of Plaintiff's Photograph, and provided an invoice for Cycle Gear's unauthorized use of Plaintiff's Photograph.

39.     On or about April 7, 2017, Cycle Gear responded to Plaintiff and declined to pay Plaintiff's invoice.

40.     On or about June 8, 2017, counsel for Plaintiff sent a letter to Cycle Gear informing Cycle Gear that its actions constitute copyright infringement and distribution of false copyright management information in violation of the Copyright Act.

41.     Cycle Gear continued displaying the Infringing Work on a page of the CycleGear.com website until at least June 15, 2017.

COMPLAINT -5-

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332

## CLAIM 1

**(Copyright Infringement in Violation of the Copyright Act, 17 U.S.C. §§ 106, 501)**

42.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41, inclusive, with the same force and effect as if set forth fully herein.

43.   This cause of action arises under 17 U.S.C. §§ 106, 501, for copyright infringement in violation of the Copyright Act.

44.   Plaintiff is the author and owner of the copyright in Plaintiff's Photograph.

45.   Plaintiff, through counsel, has submitted a complete application to register Plaintiff's copyright in Plaintiff's Photograph, along with payment of the application fee, to the United States Copyright Office, and the Copyright Office has received Plaintiff's complete application and payment.

46.   The Copyright Office has issued Registration No. VAu 1-280-191 for Plaintiff's Photograph, which identifies June 1, 2017, as the effective date of registration.

47.   Cycle Gear, without Plaintiff's authorization, copied, distributed copies of, publicly displayed, and prepared one or more derivative works based on Plaintiff's Photograph, in violation of Plaintiff's rights under 17 U.S.C. § 106.

48.   Cycle Gear's actions described herein constitute copyright infringement under 17 U.S.C. § 501.

49.   Cycle Gear's copyright infringement as described herein has caused and continue to cause Plaintiff to sustain damage, loss, and injury, in an amount not yet ascertained and to be proven at trial.

COMPLAINT -6-

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332

50.     Cycle Gear has profited from its acts of copyright infringement described herein in an amount not yet ascertained and to be proven at trial.

51.     Cycle Gear's acts of copyright infringement described herein have caused and, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

52.     Cycle Gear's acts of copyright infringement have been undertaken knowingly, intentionally, willfully, wantonly, and deliberately.

## CLAIM 2

### (Distribution of False Copyright Management Information
### in Violation of the Copyright Act, 17 U.S.C. § 1202 )

53.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52, inclusive, with the same force and effect as if set forth fully herein.

54.     This cause of action arises under 17 U.S.C. § 1202 for distribution of false copyright management information in violation of the Copyright Act.

55.     Plaintiff is the author and owner of the copyright in Plaintiff's Photograph.

56.     Cycle Gear, without Plaintiff's authorization, copied, distributed copies of, publicly displayed, and prepared one or more derivative works based on Plaintiff's Photograph, in violation of Plaintiff's rights under 17 U.S.C. § 106.

57.     Cycle Gear placed a notice stating "© Copyright 2017 Cycle Gear, Inc." on or in close proximity to the copies and derivative works of Plaintiff's Photograph that Cycle Gear reproduced, distributed, displayed, and prepared.

COMPLAINT -7-

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

58.     The notice stating "© Copyright 2017 Cycle Gear, Inc." constitutes false copyright management information under 17 U.S.C. § 1202.

59.     Cycle Gear's distribution of false copyright management information as described herein was undertaken knowingly and with the intent to induce, enable, facilitate, or conceal infringement.

60.     Cycle Gear's actions as described herein constitute distribution of false copyright management information in violation of 17 U.S.C. § 1202.

61.     Cycle Gear has profited from its distribution of false copyright management information described herein in an amount not yet ascertained and to be proven at trial.

62.     Cycle Gear's distribution of false copyright management information described herein has caused and, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

I.     For a judgment and order as follows:

    A.  That Cycle Gear is liable on each cause of action asserted against it;

    B.  That Cycle Gear has, without Plaintiff's authorization, reproduced Plaintiff's Photograph in copies, distributed copies of Plaintiff's Photograph, publicly displayed Plaintiff's Photograph, and prepared derivative works based on Plaintiff's Photograph in violation of 17 U.S.C. § 106, thereby committing copyright infringement under 17 U.S.C. § 501;

COMPLAINT -8-

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332

C.  That Cycle Gear has distributed false copyright management information in violation of 17 U.S.C. § 1202;

D.  That Cycle Gear acted knowingly, intentionally, willfully, wantonly, maliciously, and deliberately in committing the tortious and other unlawful acts as alleged herein;

E.  Ordering each Defendant to immediately and permanently destroy all tangible and intangible documents and embodying or comprising Plaintiff's Photograph, any copy thereof, or any derivative work based thereon;

F.  That each Defendant and all other persons acting in concert or participation with any Defendant be preliminarily and permanently enjoined and prohibited from:

1.  Copying, distributing, displaying, preparing derivative works based on Plaintiff's Photograph, or any other work authored by Plaintiff, or otherwise using any copies or derivative works thereof, without Plaintiff's express written permission;

2.  Engaging in any further tortious or otherwise unlawful acts; and

3.  From in any way inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts, as authorized by 17 U.S.C. §§ 502 and 1203(b), and as otherwise authorized by law;

G.  That Plaintiff be awarded monetary damages sufficient to compensate Plaintiff for injury and loss arising out of Cycle Gear's tortious acts and other violations of Plaintiff's rights in an amount to be determined according to proofs, as authorized by 17 U.S.C. §§ 504(a)(1) and 1203(c)(1)(A), and as otherwise authorized by law.

COMPLAINT -9-

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332

H. That Plaintiff be awarded damages and other monetary relief in the amount of Cycle Gear's profits arising out of its tortious acts and other violations of Plaintiff's rights,  in an amount to be determined according to proofs, as authorized by 17 U.S.C. §§ 504(a)(1) and 1203(c)(1)(A), and as otherwise authorized by law;

I. That Plaintiff be awarded no less than $2,500 and no more than $25,000 in statutory damages for each of Cycle Gear's distributions of false copyright management information, as authorized by 17 U.S.C. § 1203(c)(3)(B), and as otherwise authorized by law;

J. That Plaintiff be awarded no less than $750 and no more than $150,000 in statutory damages for Cycle Gear's acts of copyright infringement, as authorized by 17 U.S.C. § 504(c) and as otherwise authorized by law;

K. That Plaintiff be awarded costs, expenses, and attorney fees incurred in obtaining relief from Cycle Gear's tortious and unlawful acts and other violations of Plaintiff's rights, as authorized by 17 U.S.C. §§ 505 and 1203(b), and as otherwise authorized by law;  and

L. For such other and further relief as the Court may deem just and proper.

COMPLAINT -10-

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and LCR 38, Plaintiff demands a jury trial on all issues triable to a jury.

Dated this 26th day of July, 2017

By: s/ Michael P. Matesky, II
Michael P. Matesky, II (WSBA # 39586)
Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.701.0332
Email: mike@mateskylaw.com;
       litigation@mateskylaw.com

COMPLAINT -11-